United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOVELLA BEAN, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-01049 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| GREAT LAKES INSURANCE SE and SAMS INSURANCE AGENCY, | § | |
| Defendants. | § | |

**OPINION AND ORDER ON REMAND**

Winter Storm Uri resulted in a substantial leak in the home of Plaintiff Novella Bean after frozen pipes in her home thawed. Her insurer, Defendant Great Lakes Insurance SE, denied coverage. Bean then filed this lawsuit in state court against Great Lakes and her insurance agent, Defendant Sams Insurance Agency. Dkt 1-3 at 7.

Great Lakes is a Germany corporation. Dkt 1 at 2. Sams and Bean are both Texas residents. Dkt 25 at 1. Great Lakes removed the action, asserting diversity jurisdiction upon argument that Sams was improperly joined. Dkt 1. Bean moved to remand. Dkt 13. In response, Great Lakes argued, with citation to *Smallwood v Illinois Central Railroad Co*, 385 F3d 568 (5th Cir 2004), that Sams was improperly joined because no valid cause of action was stated against it. Dkt 18.

The motion to remand was denied upon determination that allegations as to Sams weren't sufficiently pleaded. Dkt 24 at 1. But that denial was without prejudice, with leave allowed to attempt repleading of the claims against

Sams. Indeed, that order specifically advised, "Attempt at repleading claims against Sams will be subject to heightened scrutiny due to the potential to destroy diversity." Ibid.

Bean then filed her second amended complaint, repleading claims against both Great Lakes and Sams as follows:

- *Count One,* against both Great Lakes and Sams, for breach of contract;
- *Count Two,* against Great Lakes only, for breach of the duty of good faith and fair dealing;
- *Count Three,* against both Great Lakes and Sams, for violation of the Texas Deceptive Trade Practices Act;
- *Count Four,* against Great Lakes only, for violation of the Texas Prompt Payment of Claims Act;
- *Count Five,* against Great Lakes only, for violation of other provisions of the Texas Insurance Code;
- *Count Six,* against both Great Lakes and Sams, for negligence and negligent misrepresentation;
- *Count Seven,* against Sams only, for negligence; and

Dkt 25 at ¶¶70–133. Bean also asserts that Great Lakes and Sams are vicariously liable for each other's actions. Id at ¶¶59–69.

Pending is a motion by Great Lakes seeking partial dismissal of the second amended complaint. Dkt 26. Stated broadly, it argues that vicarious liability isn't an independent cause of action and fails on its merits; negligence claims against it are barred by the economic-loss doctrine; and Bean claims damages beyond her policy limits. But unlike its previous motion, Great Lakes no longer asserts improper joinder. Indeed, reference to Sams appears

limited to argument that Bean's claim *against Great Lakes* for vicarious liability should be dismissed, and even then, only in a context pertinent to claims of misrepresentation. See Id at 4–8. To the extent Great Lakes elsewhere argues the economic-loss doctrine, it's limited to any "duty owed *by Great Lakes* to Plaintiff outside the policy at issue." Id at 10 (emphasis added). Great Lakes nowhere asserts with any direct emphasis that Sams is improperly joined. And notably, Great Lakes doesn't ask in its request for relief that Sams be dismissed from this action. Id at 12.

Two sets of legal standards resolve this matter.

The first addresses the substance of subject-matter jurisdiction. A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC §1447(c). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). And the Fifth Circuit regularly admonishes that the district court may inquire into and satisfy itself of its subject-matter jurisdiction at any time. See *Giannakos v M/V Bravo Trader*, 762 F2d 1295, 1298 (5th Cir 1985); *TOTAL Gas & Power North America, Inc v Federal Energy Regulatory Commission*, 859 F3d 325, 332 (5th Cir 2017); *Sanders v Boeing Company*, 2021 WL 3412509, *2 (5th Cir).

The second addresses a matter of pure procedure. The principle of party presentation requires courts to decide cases based on the arguments presented by the parties. In *United States v Sineneng-Smith*, the United States Supreme Court recently emphasized that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." 590 US 371, 375 (2020), citing *Greenlaw v United States*, 554 US 237 (2008). And so in this regard, federal courts "do not, or should not, sally forth each day looking for wrongs to right," but instead "normally decide only questions presented by the parties." Id at 376 (citation

omitted). As even more sharply stated by Justice Antonin Scalia, "Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Castro v United States*, 540 US 375, 386 (2003) (Scalia, J, concurring); see also *Carducci v Regan*, 714 F2d 171, 177 (DC Cir 1983) (Scalia, J): "The premise of our adversarial system is that [ ] courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented by and argued by the parties before them."

The party-presentation principle is a key tenet of our adversarial legal system, which the Fifth Circuit naturally follows. Most recently, in *Crittindon v LeBlanc*, it observed that "our task is not to come up with arguments the parties should have made, but to decide the ones they make." 37 F4th 177, 190 (5th Cir 2022). It further requires that district courts in this Circuit should "review only those issues presented" by the parties, and "not craft new issues or otherwise search for them in the record." *US v Brace*, 145 F3d 247, 255 (5th Cir 1998).

Even so, courts retain the ability to "determine whether a case presented a controversy suitable for the Court's review." *Sineneng-Smith,* 590 US at 380–81. And of course, that exception is wholly in line with the standards stated above, allowing the district court at any point to satisfy itself of its subject-matter jurisdiction.

Subject-matter jurisdiction is naturally addressed again at this juncture. Great Lakes flagged the issue in its prior motion, which was resolved by order specifically indicating that the issue would be considered upon further motion after repleading. But the burden to assert improper joinder under *Smallwood* is upon the movant, who must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." 385 F3d at 573. And in this regard, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case

to state court." *Gray ex rel Rudd v Beverly Enterprises-Mississippi, Inc*, 390 F3d 400, 412 (5th Cir 2004).

That's the problem with subject-matter jurisdiction in the current posture. The pending motion by Great Lakes leaves entirely unchallenged Counts One and Three in the second amended complaint, which are asserted jointly as to both Great Lakes and Sams for breach of contract and violations of the Texas Deceptive Trade Practices Act. Likewise unaddressed (at least to the extent asserted against Sams) are Counts Six and Seven for negligence and negligent misrepresentation. Nor does Sams itself bring any motion on its own behalf seeking dismissal from this action. Indeed, nothing on the docket indicates that any counsel has even appeared for Sams. The state court papers filed here upon removal indicate that service possibly did occur, although nothing is explained or argued in this respect either way. See Dkt 1-3 at 63.

In any event, with no questions presented by either Great Lakes or Sams as to the propriety of claims as against the latter, and with no issue framed as to improper joinder, it means that *no one* now challenges the fact that an in-state plaintiff has stated claims against an in-state defendant. This means in turn that those claims at present will proceed. And as such, complete diversity no longer exists.

Subject-matter jurisdiction is lacking over this action. It must be remanded. See FRCP 12(h)(3).

This case is REMANDED to Harris County, Texas Civil Court at Law No 1.

The Clerk is ORDERED to provide a copy of this Order to the Clerk of Harris County, Texas Civil Court at Law No 1.

5

S<small>O</small> <small>ORDERED</small>.

Signed on March 28, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge